UNION COUNTY TRUST COMPANY, trustee, &c., complainant-respondent,

*v.*

THE GOERKE COMPANY et al., defendants-appellants.

[Submitted June 3d, 1929.   Decided October 14th, 1929.]

*Messrs. Lum, Tamblyn & Colyer* (*Mr. Ralph E. Lum* and *Mr. Saul Cohn,* on the brief), for the appellants.

*Messrs. Whittemore & McLean,* for the respondents.

The opinion of the court was delivered by

CASE, J.

This is an appeal from a decree of the court of chancery wherein the Union County Trust Company, trustee, as landlord under a long term lease, was granted certain relief against The Goerke Company, lessee, and Goerke-Girch Company, present tenant and assignee of the lease.

The lease was made by John Voorhees, complainant's intestate, with The Goerke Company, April 20th, 1910, for a term of forty years, with an option to the tenant for a twenty-year extension. There was a provision that the tenant would keep the buildings on the premises insured to the full insurable value thereof for the benefit of the landlord. There was a further provision that the tenant should have the right to connect any building on the demised premises with any building upon any adjoining premises, provided, however, that in case such connection be made the same should be removed and the building restored to its original condition before the termination of the lease or of the renewal thereof. The tenant, under a lease with a similar provision covering the Stein property, adjoining, constructed a structure on the latter premises, using the north and west walls of the premises under litigation as the south and east walls of the building so constructed on the Stein property. The court below found—and we are satisfied that such findings are sustained by the evidence—that the tenant, in constructing and maintaining the Stein building, plaster-finished the exterior of the Voorhees walls to form the inside walls of the Stein building; supported the

Stein building partly on the concrete footings of the Voorhees building foundation, and in so doing encroached into and upon the Voorhees property; cut into the foundation of the Voorhees building in order to provide space for such encroaching piers; fastened the roof to the Voorhees building; connected the steam pipes of the Stein building with the steam pipes and boilers in the Voorhees building; extended the ceiling of the Stein building into the walls of the Voorhees building from one to three inches, sustaining the same in slots supported by angle irons; extended a beam of the sprinkler tank on the Stein building two feet over the Voorhees property; created large openings by way of connection between the two buildings; ran a loop of the sprinkler pipe over the Voorhees line, and unified the lighting systems. Complainant characterized these acts of the tenant as trespasses and encroachments and sought injunctive relief. The decree in chancery supported most of complainant's contentions, directed removal of the encroachments, ordered the disconnction of the heating and lighting systems, enjoined against heating and lighting the Stein building from the Voorhees equipment, compelled removal of plaster and other attachments from the exterior of the Voorhees wall, provided for restoration, and fixed the amount of insurance. From that decree the defendants appeal. The defendants, to the extent that they admit the alleged acts, attempt to justify the same either upon the inherent right of a tenant in possession or upon the authority specifically given in the lease "to connect" any building on the leased premises with any building on any adjoining premises.

The really fundamental question on this review is the significance and effect of the last mentioned lease provision. The precise language of the lease is that "the said party of the second part shall have the right to connect any building on the demised premises with any building upon any adjoining premises. In case such connection be made, however, the same is to be removed and the building restored to its original condition before the termination of this lease or of said renewal." The complainant concedes, and the court below

fairly holds, "the conception of the parties to have been that, if the tenant should extend its enterprise to the next door building, the opening should be as well for the advantageous display of wares and to give the interior the appearance of a single store." We consider that the parties could reasonably have anticipated and doubtless did anticipate that the two buildings were to be used for the convenient operation of the combined premises as a single trade unit, and it is upon that finding that our conclusions revolve. We find no just cause of complaint in the extension of the sprinkler pipe, or in the tying up of the heating systems and of the lighting systems. These are matters of operation. The added burden on the piping and boiler of the complainant's building is negligible in view of the term of the lease. The ultimate disconnecting of the pipes and such replacement as may be necessary are assured by that clause of the lease that requires the building to be restored to its original condition before the termination of the instrument. Neither do we consider that the complainant has reasonable ground to object to the size of the opening connections between the buildings inasmuch as the west wall, according to the information given by counsel on the oral argument, has been strengthened and the danger from too large openings has been removed. Here, likewise, restoration before the end of the tenancy is required by the lease.

We do not, however, find anything in the case to indicate that it was the conception of the parties that the structural integrity or individuality of either building should be impaired, or that the premises under litigation should be subjected to the burden of giving support, either lateral or vertical, to the building on the adjoining property. We think that the tenant exceeded its rights in permitting the beam of the sprinkler tank on the Stein building to overhang the Voorhees building roof. We also consider that the tenant exceeded its rights in cutting into the foundation of the Voorhees building, in using the concrete footings under the Voorhees building as a basic support for the columns of the Stein building, and in using the walls of the Voorhees building as a support

for the ceiling walls of the Stein building. It is, of course, essential to the legitimate use of the buildings that the Stein building should be connected with the Voorhees building in such fashion as to give convenient inter-communication and to exclude weather; but this does not include the use of what really is the exterior of the Voorhees building wall for the purpose of attaching plaster, decorations, mouldings, fixtures, fire hose and the like thereon, nor the right to insert screws, nails or other attachments therein, except for such essential incidents as the weather-proofing of the connection openings. Much of the work done by the defendants was a trespass in its aspect as done by the owner or tenant of the adjoining structure (*Krich* v. *Zemel, 99 N. J. Law 191; Krich* v. *Zemel, 96 N. J. Eq. 208*); and waste in its aspect as done by the tenant of the premises in questions, *4 Comp. Stat. p. 5590, § 2; Klie* v. *Von Broock, 56 N. J. Eq. 18.* The divided ownership of the two properties gives rise to serious questions of easements and unlawful burdens immediately the defendant tenant goes beyond the limitations circumscribed by its .contract. The objectionable changes are material in character and are beyond what is fairly to be implied from the terms of the lease. The complainants are entitled to immediate relief and are not obliged to wait until the end of the term. *Klie v. Von Broock, supra.*

Appellants charge that the complainant is estopped by laches; but this argument cannot prevail. The tenant knowingly, designedly and in the face of protests and warnings from the complainant, stubbornly proceeded with its wrongful construction. The precise dates of beginning and completion are not called to our attention. It is apparent from the testimony that the construction was in progress during 1922, and Mr. Edmund Goerke, superintendent of the Goerke-Kirch store, testifies that the opening through into the Voorhees building was made in 1923. The bill of complaint was filed August 1st, 1923. On February 27th, 1922, complainant had made demand for information regarding the tenant's plans and on March 14th, 1922, no information meanwhile having been furnished, renewed its demand. Repeatedly

thereafter, as knowledge of the tenant's acts or purposes came to the complainant, prohibitive warnings, in writing and in unmistakable language, were given by the complainant to the tenant. Counsel for appellants cites *Smith* v. *Spencer, 81 N. J. Eq. 389*, as authority for the contention that the complainant lost its right to equitable relief because it did not earlier institute action. That case, grounding on the violation, by a neighbor, in building on his own land, of certain restrictive covenants, is not in point. It would indeed be a shifting of the burden if an owner of land, having given full and fair warning to a wrong-doer, must forthwith sue out a prohibitive writ on penalty of losing his right to equitable relief with respect to a trespass or waste on his own property.

The vice-chancellor found from the evidence that the insurable value of the Voorhees building was $286,548. There is satisfying evidence to justify that finding, and we sustain it. *Cartan* v. *Phelps, 91 N. J. Eq. 312*. It follows, from the contents of the lease, that insurance in that amount should be maintained by the tenant for the benefit of the complainant.

The decree in chancery is affirmed, to be modified, however, so that the sprinkler pipe extension need not be removed and the heating and lighting systems need not be disconnected nor the use thereof restrained.

*For affirmance*—None.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.