FRANCES MESERVE, PLAINTIFF-RESPONDENT, v. RAY TRAVERSO, DEFENDANT-APPELLANT.

Submitted October 29, 1937—Decided January 26, 1938.

For the appellant, *Milton T. Lasher.*

For the respondent, *Harry J. Goas.*

The opinion of the court was delivered by

PERSKIE, J. The basic question requiring decision is whether, under the circumstances exhibited, parol evidence concerning the allegedly intended exclusion of certain fixtures from the bill of sale covering the transaction between the seller and the buyer was properly admissible. We think that it was.

Counsel for the respective parties stipulated the state of case which was submitted to the Supreme Court. From the facts so stipulated, we learn that respondent—plaintiff below—sold appellant a store, merchandise, fixtures, good-will, &c., for the sum of $350. Defendant paid $200 upon the closing of the sale, and executed and delivered to plaintiff six promissory notes of $25 each. Defendant paid two of these notes, and apparently refused to pay the remaining four. Whereupon plaintiff sued defendant in the District Court of the Second Judicial District of Bergen county, to recover the balance of $100 allegedly due her. Defendant counterclaimed. The gravamen of that claim is that although plaintiff, in her bill of sale covering the transaction with defendant, warranted that she had good and sufficient title to the chattels sold, and although plaintiff further warranted (in her affidavit accompanying the bill of sale) that the chattels were free from liens, nevertheless, contrary to said warranties, a frigidaire and two compressors in the store were in fact subject to a conditional sales ageement under the terms of which title to these fixtures vested in The Borden Company, and upon which agreement there was still due $278.74. It was agreed that if defendant was entitled to recover any sum on his counter-claim should be the sum equal to the sum remaining due and owing upon the fixtures, namely, $278.74.

We learn further that the only reference in the bill of sale as to the chattels conveyed and sold thereunder is the reference that plaintiff conveys and sells to defendant "all the goods and chattels more particularly described." The only place where any attempt is made to describe the chattels thus sold is in the schedule annexed to the bill of sale. This purported description lacks certainty and particularity; it is

in fact vague and most general in character. Such as it is, it does not enumerate the frigidaire or compressors for which defendant counter-claimed. It does, however, conclude with this general sentence, "All stock, fixtures, including confectionery, liquor and all goods now in said premises."

The trial judge, over objection that the proffered testimony offended the parol evidence rule (*Naumberg* v. *Young*, 44 *N. J. L.* 331) permitted, and finally considered, the testimony for the plaintiff tending to show that defendant, prior to the execution of the bill of sale, had a clear understanding that the fixtures covered by the conditional sales agreement were not included in the sale. Defendant offered testimony to the contrary. The trial judge concluded that "defendant had knowledge of the conditional sales agreement covering the fixtures in question prior to the sale," and accordingly entered judgment for the plaintiff in the sum of $100, and dismissed defendant's counter-claim.

Defendant appealed to the Supreme Court. There he specified six determinations of the District Court with which he was dissatisfied in point of law. It will serve no particularly useful purpose to restate them. Suffice it to observe that we are fully in accord with the view that the Supreme Court took in concluding that there was no merit to either the fourth, fifth or sixth specification. The first three specifications, however, give rise to the stated basic issue requiring decision in this case. In these three specifications defendant contends, as he did at the trial, that the court erred in permitting witnesses to answer questions concerning the understanding between the seller and the buyer as to the alleged exclusion from the sale of the fixtures covered by the conditional sales agreement. The Supreme Court held that this point was not properly before it, because these specifications failed to meet or satisfy our oft declared requirement that upon rulings of evidence the grounds of appeal should state the names of the witnesses, the questions or answers objected to and relied upon. *State* v. *Blaine*, 104 *N. J. L.* 325; 140 *Atl. Rep.* 466; *Booth* v. *Keegan*, 108 *N. J. L.* 538; 159 *Atl. Rep.* 402; *Meeks* v.

*Van Keuren & Sons, Inc.,* 116 *N. J. L.* 102; 182 *Atl. Rep.* 867, and a host of others to like effect. Accordingly, the judgment was affirmed.

1. Defendant here points out that the specifications do contain the names of the witnesses; that they do contain the substance of the testimony objected to; that the cause was tried in a District Court and there was no stenographic record made of the trial. From all of which, defendant argues, flows the conclusion that there was a substantial compliance; a compliance within the holding of such cases as *Sentliffer* v. *Jacobs,* 84 *N. J. L.* 128, 130; 86 *Atl. Rep.* 929, and *Lowenstein* v. *Lohman,* 109 *N. J. L.* 215, 217; 160 *Atl. Rep.* 817.

We do not, however, find it necessary further to labor the point for, assuming but not deciding that the question is properly before us, we are of the opinion that there is no merit to the contention that the parol evidence rule has been violated.

2. It is, of course, elementary and well settled that parol evidence is not admissible to contradict, vary or alter the terms of a written agreement between parties. *Naumberg* v. *Young, supra; Middleton* v. *Griffith,* 57 *N. J. L.* 442; 31 *Atl. Rep.* 405; *Pennsylvania-Reading Seashore Lines* v. *Unit Construction Co.,* 117 *N. J. L.* 494; 189 *Atl. Rep.* 376; *Realty and Security Co.* v. *Walden,* 118 *N. J. L.* 152; 191 *Atl. Rep.* 777.

This elementary and well settled general rule is not, however, without exceptions. One of these well settled exceptions is that when the language of a contract is ambiguous or otherwise doubtful, parol evidence is admissible, not to contradict, alter, or vary the terms of the written agreement, but rather to explain the real intent of the parties (*Suffern and Galloway* v. *Butler,* 21 *N. J. Eq.* 410); to explain how the agreement was to be carried out. *Willis* v. *Fernald,* 33 *N. J. L.* 206; *Journal Plaza Holding Co.* v. *J. H. L. Co.,* 107 *N. J. Eq.* 14, 16, 17; 152 *Atl. Rep.* 14.

As pointed out already, the description of the chattel intended to be embraced within the bill of sale is most indefinite; it is, to say the least, ambiguous. The parol testimony

proffered and considered was not to contradict, vary, or alter the terms of the bill of sale but rather to explain how the terms thereof were to be carried out in pursuance of the real intent of the parties. The justice of this exception finds forcible illustration in the case at bar.

The agreed price for the chattels sold by plaintiff to defendant was $350. If the plaintiff had not been permitted to prove that the chattels which were encumbered to the extent of $278.74 were never intended to be included in the bill of sale, then plaintiff would have received not $350, but the difference only between $350 and $278.74 or $71.26 as the purchase price for the store. Under these circumstances the conclusion is impelling that the frigidaire and the two compressors were not meant to be included in the written contract between the parties. The challenged parol evidence was, therefore, under the exception cited, properly admitted and considered.

Judgment is affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Parker, Bodine, Heher, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Walker, JJ. 12.

*For reversal*—None.