This is an application by the complainants for an injunction restraining the defendants from prosecuting an action *Page 345 
at law against the complainants, with the exception of the complainant Passaic Valley Water Commission. By statute, the state was divided into two districts for the purpose of municipal water supplies and the defendant North Jersey District Water Supply Commission is in charge of the North Jersey Water Supply District. By statute the commission was authorized to make sales of water to the contracting municipalities which includes the cities named as defendants who should contribute to the construction of the water supply plants and also to non-contributing municipalities. A contract was made with the city of Bayonne which did not contribute to the cost of erection of the plants. The controversy between the parties involves the construction and effect of the contracts and agreements made by them and particularly as to the question of payments to complainants under said contracts of sums received for supplies of water to the city of Bayonne.
Defendants herein have brought a suit in the supreme court asking for a declaratory judgment as to the rights of the parties under the contracts and agreements involved. It is this suit which complainants seek to enjoin.
Complainants concede in their brief that they do not attack the constitutionality of the Uniform Declaratory Judgments act, under which the suit in the supreme court was brought, and that they do not seek to have this court pass upon the correctness of the supreme court proceeding, although they do seek to raise a doubt as to the certainty of procedure under the act. They also assert that this controversy is cognizable only in a court of equity, because by statute, the North Jersey District Water Supply Company is made a trustee for the municipalities involved.
The questions involved for the determination of the controversy do not involve the trusteeship of the commission, but are entirely matters which relate to the construction of the agreements between the parties. The determination of these rights is one clearly within the province of a court of law even though there may be ultimately involved an accounting. *Page 346 
The Passaic Valley Water Commission was not a party to these contracts and therefore was not a necessary party to the action at law. If this suit had been originally brought in this court, it might well have retained jurisdiction of it, but since a prior action has already been brought in a court of law which has jurisdiction, this court should not deprive it of that jurisdiction.
An order will be advised denying the application for an injunction. *Page 347