This is a motion under rule 70 of the Court of Chancery to strike out the bill of complaint, or parts thereof on the grounds set forth in the answer.
The bill of complaint alleges in substance that complainant is a dentist, specializing in orthodontia, with offices in Newark and Passaic; that the defendant also a dentist desired to learn the art of orthodontia under the complainant's tutelage; that the parties by agreement in writing dated July 1st, 1940, entered into a professional agreement by which the defendant became an assistant to complainant for five years, at fixed compensation, and that complainant would teach him the art of orthodontia. In addition to the stated compensation the defendant was to receive one-half of the fees on cases brought in by him, such payments to be made by complainant. The agreement provides that it may be terminated by the complainant "at any time for cause," and if so terminated the defendant "will not either individually, or as a member of any firm, partnership, or association, directly or indirectly be employed, or be engaged, or engage anyone in the specialized practice of Orthodontia, for a period of three years from the date of such termination, within the areas known as the counties of Essex, Union, Bergen, Hudson, Passaic, Middlesex and Morris, in the State of New Jersey."
By this restrictive covenant the defendant, if the agreement is terminated for cause, agrees not to be employed or engaged in the specializing practice of orthodontia for a period of three years in the counties therein mentioned. The bill does not allege a violation of the covenant. It seeks a declaratory decree whether the defendant's alleged conduct constitutes a breach of the agreement sufficient to justify his discharge "for cause," and if so complainant prays "that the contract between the parties * * * be decreed to be terminated and the defendant be decreed to conform to and abide by all the terms * * * thereof." This prayer cannot be granted since the allegations of the bill and not its prayer for relief must furnish the basis of the relief to be granted. *Page 443 Orth v. Transit Investment Corp., 132 Fed. Rep. 2d 938,944. Again, a declaratory judgment in the case would not of itself operate either as a discharge of the defendant or as a termination of the agreement. The complainant would still have first to terminate the agreement by discharge. The relief therefore sought with respect to the covenant is premature.
The defendant having entered into complainant's employ, the bill alleges that he acquired the art of orthodontia; that since February 15th, 1943, the defendant expressed his dissatisfaction with the contract and threatened to discontinue work, was guilty of insubordination and so comported himself around the office of complainant as to adversely affect the morale and efficiency of the office; that the defendant threatened to discontinue work unless a new contract with more favorable compensation was executed, or he was made a partner; that he received money from patients which he has not turned over to complainant, removed appointment books and patients' progress records from the office; made threats of physical violence against complainant unless he was paid more money or given an equal partnership; that he slandered the complainant in the presence of others and disparaged complainant's character and reputation in the presence of professional practitioners who refer orthodontia cases to complainant, and that he locked his private office in complainant's suite, so that complainant was deprived access to plaster models of teeth and records located therein.
The fourteenth paragraph of the bill alleges "The underlying questions which have arisen involve the determination of whether the acts of which defendant has been guilty, as related herein, justify complainant in discharging defendant for cause." And "That this action is brought under the provisions of R.S.2:26-66 to 79, known as the `Declaratory Judgment Act.'"
The bill prays that the defendant be restrained from breaching the agreement, and continuing the acts complained of; that the court declare that the defendant has been guilty of acts justifying his discharge for cause; that if this court decrees defendant to have been guilty of acts justifying his discharge for cause, that the contract be decreed to be terminated, *Page 444 
and the defendant decreed to conform to and abide by all its terms and conditions; that defendant be compelled to return said records and that he account for the moneys received from patients.
On the filing of the bill an order to show cause with adinterim restraint was issued, which upon the hearing of said order was discharged.
The answer of the defendant sets up, among other matters, that the complainant has an adequate remedy at law; that the Court of Chancery has no jurisdiction under the Declaratory Judgment Act to declare whether or not the alleged acts of the defendant, set forth in the bill of complaint, constitute a breach of the agreement, so as to justify complainant in discharging the defendant for cause since the question involved is a legal question cognizable only in the courts of law. Further that the Court of Chancery is without jurisdiction to restrain the defendant from quitting or threatening to quit his employment and has no jurisdiction to restrain the alleged slander or defamation, and generally that the bill of complaint fails to state a cause of action. The defenses thus made conclude with the averment that the defendant prays the same benefit of this averment as he would have been entitled to on demurrer. McCran
v. Western Union Telegraph Co., 94 N.J. Eq. 281, 288;120 Atl. Rep. 515.
In this state the historical separation of jurisdiction between law and equity is by the constitution protected from encroachments by the legislature as well as by the courts. Under our constitution, equity can no more declare legal rights than a court of law can declare equitable rights.
In enacting the Declaratory Judgment Law (R.S. 2:26-66 etseq.) the legislature recognized this constitutional barrier when it provided (R.S. 2:26-68) "All courts of record in this state shall, within their respective jurisdictions, have power to declare rights, status and other legal relations * * *." Each within its own jurisdiction may give declaratory judgments or decrees.
In Union County Trust Co. v. Goerke Co., 103 N.J. Eq. 159
(affirmed with modification, 105 N.J. Eq. 190), Vice-Chancellor Backes held: "The request to pass upon the question *Page 445 
whether the tenant has breached the covenant of the lease, so as to produce a forfeiture, is declined. The complainant is not entitled to a determination whether it shall or may sue to recover possession. If it feels that it has a cause of action on that score it may submit it to the law courts. It has not the right to demand a decision under the Declaratory Judgment Act of 1924. A declaration of legal rights may be had in the law courts only. Paterson v. Currier, 98 N.J. Eq. 48." To the same effect is Paterson v. North Jersey District Water SupplyCommission, 124 N.J. Eq. 344; 2 Atl. Rep. 2d 42; Moresh v.O'Regan, 122 N.J. Eq. 388; 192 Atl. Rep. 831; Springdale Corp.
v. Fidelity Union Trust Co., 121 N.J. Law 536; 3 Atl. Rep.
2d 565.
The request therefore to pass upon the question whether the defendant's conduct constituted a breach of the agreement justifying his discharge for cause is refused, since that involves a declaration of legal rights which may be had only in a court of law.
Nor is it within this court's jurisdiction or power to restrain a slander or defamation. A. Hollander Son, Inc., v. Jos.Hollander, Inc., 117 N.J. Eq. 578; 177 Atl. Rep. 80; John R.Thompson Co., Inc., v. Delicatessen, c., 126 N.J. Eq. 119:8 Atl. Rep. 2d 130. And this court may not by injunction restrain an employee from quitting or threatening to quit his employment in violation of his contract of employment. R.S.2:29-77.
The bill also alleges a single threat made in the past of violence and it is not alleged that such threats are likely to be continued or executed, to the injury of the complainant. This court will not prohibit doing of acts already done.Attorney-General v. New Jersey Railroad and TransportationCo., 3 N.J. Eq. 136. Nor will injunction issue merely to allay fears or apprehensions of complainant, where there is nothing to show that the wrongs complained of are likely to be continued, unless restrained. Meyer v. Somerville Water Co., 82 N.J. Eq. 572; 89 Atl. Rep. 545.
Finally the bill of complaint prays accounting by the defendant "for all moneys received by him from patients *Page 446 
and which he has refrained from turning over to complainant." It is not alleged from whose patients the collections were made, whether complainant's or defendant's patients. If the collections were made from defendant's own patients, the complainant would, under the agreement, be entitled at most to 50% thereof.
The bill of complaint will be retained for an accounting. An order in conformity with the foregoing conclusions will be advised when presented. *Page 447