Complainant and defendant are dentists. This is the second suit brought by the complainant against the defendant growing out of a contract entered into by the parties on July 1st, 1940, by the provisions of which complainant employed the defendant and agreed to teach him the practice of orthodontia. The allegations of the present bill will not be here set forth since they are substantially the same as in the first suit, the opinion in which is reported in 133 N.J. Eq. 441; 32 Atl. Rep. 2d 574. *Page 2 
In the former suit complainant sought a declaratory decree as to whether the defendant's conduct constituted a breach of the agreement sufficient to justify his discharge "for cause." If so, complainant prayed that the contract between the parties be decreed to be terminated and the defendant be decreed to conform to and abide by all the terms thereof.
The present suit is brought to restrain the defendant preliminarily from being employed or engaged directly or indirectly in the practice of orthodontia for a period of three years in the counties mentioned in the seventh paragraph of the agreement. That paragraph reads:
"7. In the event that the within contract shall at any time be terminated, with cause, and upon the termination of this contract by its terms, the Practitioner agrees that he will not either individually, or as a member of any firm, partnership, or association, directly or indirectly be employed, or be engaged, or engage anyone in the specialized practice of Orthodontia, for a period of three years from the date of such termination, within the areas known as the counties of Essex, Union, Bergen, Hudson, Passaic, Middlesex and Morris, in the State of New Jersey, the said areas being fixed because the Specialist has established himself within those counties and his practice consists of patients residing in those counties.
"It is specifically understood and agreed that the inclusion of the foregoing restrictive covenant constitutes a material portion of the consideration for the execution of the within agreement."
The agreement by its terms expires in five years from its date, so that it has not terminated. The complainant neither alleges that defendant left his employment nor that he was discharged "for cause." What he alleges is that notwithstanding the agreement and the covenants therein contained, defendant is operating dental offices for the specialized practice of orthodontia in the City of Newark and in the City of Passaic in the same premises in which the complainant is conducting his practice, and that by reason of this alleged breach the termination of the contract has become accelerated.
In the answering affidavit filed by the defendant on the return of the order to show cause issued herein, the defendant says he was discharged by complainant "without cause;" that after consulting counsel, and on advice of counsel, he told complainant that since he had been discharged he wanted a *Page 3 
written release from the agreement and all responsibility thereunder, which release complainant refused to give him; he admits that he opened offices in the Medical Tower Building in Newark and the People's Bank Building in Passaic after complainant had locked him out of the office. Complainant in his replying affidavit denies he discharged defendant.
That an agreement not to engage in or pursue a particular business or profession, when made on a good consideration with one whose business interest it is to prevent competition, is valid, if restrained within reasonable limits, is too well settled to be regarded as an open question. Hoagland v. Segur,38 N.J. Law 230, 235; Marvel v. Jonah, 83 N.J. Eq. 295;Nachamkis v. Goldsmith, 101 N.J. Law 356; Erikson v. Hawley,12 Fed. Rep 2d 491; Wilkinson v. Colley,30 Atl. Rep. 286.
Has the contract of employment been terminated? Upon the determination of that question of fact rests complainant's right to preliminary injunction. All that complainant alleges is that the defendant has commenced the practice of orthodontia. This, the defendants admits, claiming he was discharged without cause. If this is so, preliminary injunction will not be awarded to enforce a contract in favor of one who himself has violated the contract. In this posture of the evidence there is presented a disputed material question of fact, the determination of which must await final hearing.
 Preliminary injunction denied. *Page 4