7 N.J. Super. 421 (1950)
71 A.2d 395
MARION SPEIRS, PLAINTIFF,
v.
WALTER SPANKO AND ESSO STANDARD OIL COMPANY, A DELAWARE CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 2, 1950.
*422 For the plaintiff, Mr. Aaron Marder argued the motion (Mr. Robert M. Dvorin, attorney).
*423 For the defendants, Mr. Burtis S. Horner (Messrs. Stryker, Tams & Horner, attorneys).
SMALLEY, J.S.C.
Plaintiff in this suit brings an action for possession of certain lands, and mesne profits, now occupied by defendants. Defendants have filed answer denying plaintiff's right to possession attaching thereto a photostatic copy of a lease entered into with plaintiff and setting up defendants' rights to possession thereunder. Defendant, Esso Standard Oil Co., further counterclaims for specific performance arising from its exercise of an option to purchase, contained in the aforesaid lease agreement.
After the filing of the answer and the counterclaim, plaintiff moved for summary judgment, and to dismiss the answer and counterclaim.
The affidavits, inter alia, plaintiff contends, resolve the factual issues upon the right to possession under the aforesaid lease, and substantiate her right to a judgment for immediate possession under Rule 3:56-3, Rules of the Superior Court. Defendant, Esso Standard Oil Company, filed answering affidavits and thereby claims to have raised an issue of fact.
The property in question is a tract of land in the Township of Woodbridge, Middlesex County, and is adjacent to Route 25. Under date of August 15, 1939, the defendant, Esso Standard Oil Co., hereinafter referred to as Esso, executed a contract of lease with plaintiff wherein it leased the land from plaintiff for a period of ten years. Esso, thereafter, constructed a gas station upon the lands, which building, along with later added improvements, now constitutes the property. Defendant, Spanko, is a tenant of Esso.
The pivotal question we are concerned with is, when did this lease agreement go into effect and when the 10-year period would necessarily come to an end. Plaintiff contends that the term (of lease) commenced on August 15, 1939, the date of the signing by the parties to the contract of lease. Defendants argue that a clause in said contract specified payment of rent to commence three days after completion of *424 the gas station, which date in fact occurred January 6, 1940, and that the term of lease runs from that date.
Plaintiff commenced this suit by filing the complaint on October 6, 1949, or approximately two months after the date she claims the term expired; on the other hand, if defendants are sound in their contention, they had the right of possession until January 6, 1950.
The pertinent sections of the lease follow:

"LEASE
"AGREEMENT, made this Fifteenth[*] day of August, in the year 1939 by and between Marion Speirs hereinafter called Lessor and Standard Oil Company of New Jersey, a Delaware corporation hereinafter called Lessee.
"WITNESSETH: Lessor does hereby demise and lease unto Lessee, and Lessee agrees to take all that lot, piece or parcel of land situate in the Township of Woodbridge, County of Middlesex, State of New Jersey, described as follows:

(Description)
"TO HOLD the premises hereby demised unto Lessee for the period of TEN years, beginning on the day of 1939, and ending on the day of 1949, Lessee paying therefor the following rent: such rental payments not to begin, however, until three days after completion of the service station and its opening for business:
"An annual rent of Ten Hundred Twenty ($1020.00) Dollars in equal monthly installments of Eighty Five ($85.00) Dollars, on the first day of every month, in advance, beginning as aforesaid, three days after the completion and opening of the service station."
----------------------------------------------------------------- [*] Italics indicates portions filled in on printed form. -----------------------------------------------------------------
Plaintiff urges that when, as in the lease above, no day of commencement is named in the creation of this estate (a leasehold) it begins from the making, or delivery of the lease.
Examination of the lease partially above set out reveals certainly some ambiguity. It will be seen that the instrument is dated August 15, 1939. The so-called "habendum" clause fails to mention day or month in the blank spaces provided for that purpose, but does specify a beginning year of 1939 and a termination year of 1949 in referring to the ten-year period; and that the rental proviso calls for rental payments to begin three days after completion of the service station *425 and its opening for business, which time concededly could not coincide with the August date set out before. All of the foregoing, in brief, leaves open the question of exactly when the ten-year term should commence.
Other phases of this matter, such as the claim for specific performance and mesne profits, must necessarily await the determination of the main question in dispute.
While the oft quoted case of Naumberg v. Young, 44 N.J.L. 331, holds that a written contract containing the whole agreement of the parties may not be altered by parole evidence, still exceptions to this rule of substantive law have been recognized. As was said in Meserve v. Traverso, 119 N.J.L. 566.
"This elementary and well-settled general rule is not, however, without exceptions. One of these well-settled exceptions is that when the language of a contract is ambiguous or otherwise doubtful parol evidence is admissible, not to contradict, alter or vary the terms of the written agreement, but rather to explain the real intent of the parties * * *; to explain how the agreement was to be carried out."
The affidavits filed have raised genuine issues of fact as to the material question of the commencement of the term of lease. Accordingly, summary judgment may not be granted.
The evidence relevant to the question of the duration of the term of lease will be heard at the trial of the issue which is hereby designated for jury trial in conformance with the approved procedure. Edge v. Boardwalk Securities Corp., 115 N.J.L. 286, 289, where Justice Heher, for the Court of Errors and Appeals, said:
"While it is the general rule that the construction of a contract is a question of law for the court, it is predicated upon the absence of an issue of fact. Where the effect of a written instrument depends, not merely on its construction and meaning but upon disputed collateral facts in pais and extrinsic circumstances, the inferences of fact to be drawn therefrom are for the jury's determination. * * *
"Where the meaning of a writing is uncertain or ambiguous, and parol evidence is introduced in aid of its interpretation, the question of its meaning should be left to the jury. The jury's function in the construction of documents will arise wherever, in view of the surrounding circumstances and usages offered in evidence, the meaning *426 of the writing is not so clear as to preclude doubt by a reasonable man of its meaning. If the meaning, after taking the parol evidence, if any, into account is so clear that no reasonable man could reach more than one conclusion as to the meaning of the writing under the circumstances, the court will properly decide the question of fact for itself, as it may any question of fact which is equally clear. Williston on Contracts, sec. 616; 6 R.C.L., p. 862."
The motion by plaintiff for summary judgment is also directed to the counterclaim. There has been no answer filed to the counterclaim which is for specific performance of the option agreement contained in the aforementioned lease; the motion alleges that said counterclaim is sham and frivolous and should be dismissed.
I find that the allegations contained in the counterclaim spell out an equitable claim, properly pleaded under Rule 3:18-1, Rules of the Superior Court, and the question of whether or not the defendant Esso is entitled to specific performance upon its attempted exercise of the option and refusal by plaintiff is now a question of law and fact for this court in the exercise of the equitable powers as conferred upon it by Article VI, Section III, paragraph 4 of the New Jersey Constitution of 1947.
Under Rule 3:39-2, Rules of the Superior Court, this court is empowered to determine the sequence in which issues of fact shall be tried. Under this rule the court is enabled to decide the orderly procedure where, as in this action, there are joined legal and equitable issues. This procedure has been followed by the federal courts under similar rules. Ford v. C.E. Wilson & Co., 30 F. Supp. 163; also Fitzpatrick v. Sun Life Assurance Co. of Canada, 1 F.R.D. 713, D.C., N.J., where it was held by Smith, D.J.:
"Causes of action historically legal are triable by the jury; causes of action historically equitable are triable by the court. If both are joined in a single civil action, the appropriate mode of trial must be followed as to each, and, in that sequence which will promote efficient administration without curtailing the substantive rights of the respective parties."
In the trial of this action the issues shall be considered in conformity with this memorandum, the sequence to be determined *427 at the pretrial conference and specified in the order thereupon entered.
Plaintiff's motions for summary judgments are denied. Plaintiff will be allowed 20 days from the filing of this memorandum within which to file an answer to the defendants' counterclaim.
An order may be submitted.