711 A.2d 394 (1998)
312 N.J. Super. 162
Thomas W. WARD Jr., Plaintiff-Appellant,
v.
MERRIMACK MUTUAL FIRE INSURANCE CO., Defendant-Respondent,
Barrett Insurance Agency, Inc., and George Barrett, Defendants.
Superior Court of New Jersey, Appellate Division.
Submitted May 12, 1998.
Decided June 9, 1998.
Evans Osborne Kreizman & Bonney, Ocean, for plaintiff-appellant (Harry V. Osborne, II, on the brief). *395 Methfessel & Werbel, Rahway, for defendant-respondent (Frederic Paul Gallin, Westfield, on the brief).
Before Judges KEEFE, PAUL G. LEVY and WECKER.
The opinion of the court was delivered by
PAUL G. LEVY, J.A.D.
Plaintiff believed he had purchased fire insurance for a house he had renovated when he received and paid the premium for a binder from the Barrett Insurance Agency of Eatontown on behalf of Merrimack Mutual as insurer. One week later a fire destroyed the house, but when plaintiff notified Merrimack Mutual of the loss it disclaimed responsibility for coverage. Merrimack advised the Barrett agency that it would not accept the binder issued the week before because Barrett exceeded the limits of its authority. Plaintiff then brought an action in the Law Division for a declaratory judgment that there was coverage under an amount, terms and conditions to be determined by the court. The complaint also alleged a breach of contract and sought damages for the breach from Merrimack. It also alleged that Barrett was negligent in binding the amount of replacement insurance plaintiff had requested, if he had exceeded his authority, and sought damages from Barrett for that negligence. Later, by amendment to the complaint, plaintiff asserted a claim against Merrimack under the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, seeking treble damages. Merrimack answered the complaint and the amendment, denying all liability, asserting certain affirmative defenses and demanding a jury trial pursuant to R. 4:35-1.
When the matter was scheduled for trial, both counsel expected to pick a jury and proceed, but the trial judge, sua sponte, over objections from each counsel, ruled that the matter would proceed as a bench trial on all issues. The judge then granted a stay, plaintiff moved for leave to appeal, and we granted leave only as to whether or not the parties were entitled to a jury trial. Defendant filed another motion for leave to file a crossappeal challenging the applicability of the Consumer Fraud Act to the matter, but we denied that motion. Therefore, we are solely concerned with the asserted right to a jury trial. We reverse the ruling denying that right and remand for a jury trial on all issues.
The trial judge viewed the basic dispute between the parties as centered on whether or not plaintiff had insurance coverage, a question that rested on an examination of "[t]he question of express authority or express agency and apparent agency or apparent authority." He said:
But the ultimate issue, was there a relationship of agency to principal or not is a law determination [meaning a matter of law]. The court and only the court can make that judgment. Does it require findings of fact to happen? Yes. But it is a function of deciding those facts and then coming to the legal conclusion that I think, but more importantly the legal conclusion that causes those two issues, express authority or not, apparent authority or not, to be ones that I, rather than a jury has to decide.
Article I, Paragraph 9 of the New Jersey Constitution provides that "[t]he right of trial by jury shall remain inviolate." This provision guarantees a civil litigant a right to an impartial jury. The constitutional right to a trial by jury, however, does not extend to all matters. Rather, absent legislative mandate, the state constitutional right to a trial by jury applies only to the extent that the right existed at common law prior to adoption of the 1776 Constitution.[1]See State v. Anderson, 127 N.J. 191, 207, 603 A.2d 928 (1992); Weinisch v. Sawyer, 123 N.J. 333, 342-43, 587 A.2d 615 (1991). The common law standards governing the right to a jury trial translate to the general rule that the right applies to actions at law, whereas a litigant seeking an equitable remedy does not enjoy the right even if both parties request one. See In re LiVolsi, 85 N.J. 576, 590, 428 A.2d 1268 (1981).
*396 This general rule, however, is not always instructive. In light of the merger of courts of law and equity into one Superior Court under the 1947 Constitution, see N.J. Const. art. VI, § 3, ¶ 4, it is not uncommon to have, in a single action, a party seeking relief that is both legal and equitable in nature. In such circumstance, the problematic issue arises whether the entire matter should be conducted as a proceeding in equity (bench trial), as an action at law (jury trial), or the claims should be severed. As Justice O'Hern has noted, "[t]he problem is as old as the Republic." Lyn-Anna Properties, supra, 145 N.J. at 318, 678 A.2d 683.
In Lyn-Anna Properties, the Court focused on the issue of whether the Chancery Division could have ancillary jurisdiction over legal claims and, therefore, decide those ancillary legal claims by way of a bench trial. The Court answered that question affirmatively. However, it was noted that this rule vesting the Chancery Division with jurisdiction over ancillary legal issues is not to be mistaken to grant a Chancery Division judge jurisdiction over all matters before it simply because it was originally vested with jurisdiction. Lyn-Anna Properties, id. at 330, 678 A.2d 683.
The rule of Lyn-Anna Properties is that the Chancery Division has ancillary jurisdiction over legal issues to the extent that those issues are "`incidental or essential to the determination of some equitable question.'" Ibid. (citations omitted). When faced with claims that seek both legal and equitable remedies, the Chancery Division judge must "consider the nature of the underlying controversy as well as the remedial relief sought." Id. at 331, 678 A.2d 683. If the court concludes that the "predominant" relief being sought by the complainant is equitable in nature, and if there are ancillary legal issues presented that are "incidental or essential" to the court's determination of that equitable issue, then the Chancery Division judge may decide those ancillary legal issues by way of a bench trial, even if all of the issues in equity have been resolved. The court, however, may not retain jurisdiction over legal issues that are neither incidental nor essential to the predominant equitable remedy being sought. In such cases, the legal claims should be severed and transferred to the Law Division so that the parties may have the benefit of a jury trial as to those legal issues.
We must evaluate the trial judge's decision against this legal backdrop. The judge essentially held that plaintiff's claims for declaratory judgment and breach of contract (counts one and two of the complaint) were equitable in nature in that the plaintiff was demanding Merrimack to specifically perform under the alleged contract.
I think what [the plaintiff is] looking for is to have established the existence of a contract and if that finding is made, you're looking for specific performance of that agreement.
In light of this determination, the judge concluded that Lyn-Anna Properties permitted him to convert the proceeding into a bench trial. We disagree.
Broadly and directly stated, we conclude that this matter was properly docketed in the Law Division because the relief sought is not primarily equitable in nature. In re Environmental Ins. Declaratory Judgment Actions, 149 N.J. 278, 693 A.2d 844 (1997), denied a jury trial in a declaratory judgment action, because the insureds sought an order compelling the insurers to discharge future obligations under the policy, and specific performance of future obligations is an equitable remedy. In reaching this holding, however, the Court expressly limited its decision "to declaratory judgment actions for insurance coverage for the recovery of future environmental remediation costs." Id. at 298, 693 A.2d 844 (emphasis added). Thus, the Court did "not reach the broader question concerning the extent to which the right to a jury trial attaches to actions for coverage on other kinds of insurance policies." Ibid. (citation omitted).
This case presents the broader question of whether a jury trial attaches to a declaratory judgment action in which the insured is seeking fire insurance coverage for damages already incurred. In order to determine whether the declaratory judgment action should take the form of one at law or in *397 equity here, we must analyze the plaintiff's claims to determine "the dominant relief sought and the nature of the proceeding that would provide the most complete resolution of the issues." Id. at 294, 693 A.2d 844. It is clear that this case simply takes the form of a regular contract action. The plaintiff here does not make a claim for any future or ongoing harm; he only seeks a one-time monetary payment for fire damage to his property. This is a remedy at law, which entitles the plaintiff to invoke his right to a trial by jury. In fact, the Court in In re Environmental Insurance specifically recognized that, "[o]rdinarily, an action for the declaration of parties' rights under an insurance policy is considered to be a contractual obligation cognizable in a court of law and, therefore, generally subject to trial by jury." Id. at 299, 693 A.2d 844.
There are many cases supporting the principle that a declaratory judgment predominantly seeking general contract damages, and not specific performance for future harm as in In re Environmental Insurance, is an action at law which invokes the right to trial by jury. See Burd v. Sussex Mutual Ins. Co., 56 N.J. 383, 391, 267 A.2d 7 (1970) (holding that a declaratory judgment action relating to questions of coverage is most appropriately handled in the Law Division); Steiner v. Stein, 2 N.J. 367, 372, 66 A.2d 719 (1949) (explaining that suits for breach of contract are entitled to a trial by jury as of right); Chiacchio v. Chiacchio, 198 N.J.Super. 1, 6, 486 A.2d 335 (App.Div.1984) ("At common law a contract action would entitle the litigants to a jury trial."); Paul v. Ohio Cas. Ins. Co., 196 N.J.Super. 286, 289 n. 1, 482 A.2d 199 (App.Div.1984) ("Declaratory judgment actions seeking interpretation of statutes and insurance policies involve primarily legal rights and properly belong in the Law Division."), certif. denied, 99 N.J. 228, 491 A.2d 718 (1985); Government Employees Ins. Co. v. Butler, 128 N.J.Super. 492, 496, 320 A.2d 515 (Ch.Div.1974) (explaining that although "there exists a misconception that such a declaratory proceeding in advance of trial ... must necessarily be brought in the Chancery Division[,][t]he construction of a contract and the determination of the rights of the parties thereunder is within the province of a court of law even though equitable principles such as the doctrine of estoppel may apply.")
These cases follow decisions pre-dating the 1947 Constitution which recognized the common law rule that declaratory relief in an action for the construction of a contract is cognizable before courts of law. See Ewing Twp. v. City of Trenton, 137 N.J. Eq. 109, 111, 43 A.2d 813 (Ch.1945); City of Paterson v. North Jersey Dist. Water Supply Comm'n, 124 N.J. Eq. 344, 345-46, 2 A.2d 42 (Ch.1938); Union Trust Co. v. Georke Co., 103 N.J. Eq. 159, 164, 142 A. 560 (Ch.1928), modified on other grounds 105 N.J. Eq. 190, 147 A. 439 (E. & A.1929). Thus, it is clear that the trial judge in this case mischaracterized the plaintiff's contract claim as one for specific performance when in reality it is simply an action for a declaration of his rights under the insurance policy, as well as for general damages for breach of contract cognizable at law.
The predominant issues of declaratory judgment and breach of contract are actions at law which entitle the litigants to a trial by jury. We need not determine whether there are any ancillary equitable issues. Merrimack suggests, for the first time on appeal, that equitable considerations may arise from its answer pertaining to issues of material misrepresentation and rescission. This issue, however, was not raised at length in the proceedings below, and there is nothing in the record upon which this court can specifically isolate from the legal claims those issues which Merrimack claims to be equitable in nature from the remaining legal claims. The only issue developed in the record deals with the plaintiff's first two counts of the complaint and, as noted above, those issues are legal in nature and require a trial by jury.
The determination of what other causes of action will invoke the right to trial by jury or, alternatively, may require the judge to sit in equity, are issues best left to the sound discretion of the trial judge as those issues arise. Cf. Weinisch v. Sawyer, supra, 123 N.J. 333, 587 A.2d 615 (holding that although a claim for negligence was *398 pleaded by the plaintiff, and plaintiff would have been entitled to a jury trial on that claim, once it was deciphered that the precise relief being sought in that count was reformation, an equitable remedy, plaintiff was not entitled to a trial by jury). Suffice it to say, however, that if in the course of the proceedings it is determined by the trial judge that there are any ancillary issues in equity, the Law Division judge has the authority to exercise jurisdiction over those matters. In essence, this would give rise to a situation inverse of that presented in Lyn-Anna Properties. Nonetheless, the rule granting a Chancery Division judge ancillary jurisdiction over legal matters is equally applicable to a Law Division judge to adjudicate ancillary equity matters. See Asbestos Fibres, Inc. v. Martin Lab., 12 N.J. 233, 240, 96 A.2d 395 (1953); O'Neill v. Vreeland, 6 N.J. 158, 164, 77 A.2d 899 (1951); Speirs v. Spanko, 7 N.J.Super. 421, 426, 71 A.2d 395 (Law Div.1950). These cases, of course, simply recognize the 1947 Constitution which empowers both the Law and Chancery Divisions with co-equal, and often concurrent jurisdiction.
Subject to the rules of the Supreme Court, the Law Division and the Chancery Division shall each exercise the powers and functions of the other division when the ends of justice so require, and legal and equitable relief may be granted in any cause so that all matters in controversy between the parties may be completely determined.

[N.J. Const. art. VI, § 3, ¶ 4.]
Thus, if there are ancillary equitable issues to be decided, the judge may take them from the jury and sit in equity to decide those issues.
Furthermore, assuming there are ancillary equitable issues to be decided in this case, it is also within the Law Division judge's discretion, with the parties' consent, to utilize the technique provided by Rule 4:35-2, in which the jury can be permitted to make factual findings to the judge as to those equitable issues.
Reversed and remanded for further proceedings in accord with this opinion.
NOTES
[1] The right to a jury trial has been recognized throughout our State's history, dating back to the 1776 and 1844 Constitutions, and now the 1947 Constitution. See Lyn-Anna Properties v. Harborview Dev. Corp., 145 N.J. 313, 321, 678 A.2d 683 (1996).