J. STANLEY O'NEILL, PLAINTIFF-APPELLANT, v. ARTHUR VREELAND, DEFENDANT-RESPONDENT, AND J. STANLEY O'NEILL FIRE AND POLICE RADIO COMMUNICATIONS CO., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Argued December 4, 1950—Decided January 8, 1951.

Mr. *Hymen D. Goldberg* argued the cause for the appellant (*Mr. Peter Cohn,* attorney).

Mr. *Ralph W. Chandless* argued the cause for the respondent, Vreeland (*Messrs. Chandless, Weller, Kramer & Frank,* attorneys).

The opinion of the court was delivered by

VANDERBILT, C. J. This is an appeal from a judgment of the Law Division of the Superior Court granting the defendant Vreeland's motion for a dismissal made after the plaintiff's opening to the jury. The appeal, taken to the Appellate Division of the Superior Court, has been certified here on our own motion.

The plaintiff's opening to the jury, which incorporated the pleadings by reference, included among other allegations the following: For many years the plaintiff had been engaged in the business of setting up, repairing and servicing intercommunication systems for various municipalities, police departments, fire departments, and other agencies. On April 6, 1946, he agreed to sell this business to William Britt and Dominick Bruno for the sum of $7,000, which represented its reasonable value. This sum was to be paid $2,000 in cash

and the balance in monthly installments of $100 each. To conserve the good will of the business Britt and Bruno organized the J. Stanley O'Neill Fire and Police Radio Communications Co., and purchased the business in the name of that corporation. The defendant Arthur Vreeland, who had worked for the plaintiff for many years, then threatened to go into business in competition with the newly formed corporation and to take away its customers, with whom he was acquainted by reason of his former employment. In the face of this threat, Britt and Bruno agreed to sell to Vreeland all the capital stock of the new corporation for $2,500, and on April 22, 1946, an agreement to that effect was executed and assignment made of the stock certificates.

After acquiring all of the stock of the corporation, Vreeland treated it as an instrumentality for his own personal benefit and as his *alter ego* for all purposes. He transacted corporate business in his individual name. He utilized the corporate bank account for personal and household expenses and otherwise for his own personal advantage. The corporation never held any meetings either of directors or stockholders. Indeed, it never had any stockholders, directors or officers aside from the defendant Vreeland. No corporate books were kept or reports and statements made as required by Title 14 of the Revised Statutes dealing with general business corporations. No corporate tax returns were filed and no corporate taxes of any kind were paid. The defendant, Vreeland, however, made payments of $100 per month to the plaintiff on account of the balance of $5,000 due on the purchase price of the business until March, 1948, when he arbitrarily discontinued further payments. The balance then due to the plaintiff amounted to $2,800.

The plaintiff instituted this suit in the former Court of Chancery against the corporation and Vreeland, praying, among other things, that Vreeland be compelled to specifically perform the contract of April 6, 1946; that he be required to account to the plaintiff for all the assets of the corporation converted by him; that a receiver be appointed; that he be

enjoined from further carrying on the business; that a lien be impressed upon the assets of the corporation converted by him; that these assets be sold to satisfy the plaintiff's claim; and that a decree be entered compelling him to pay to the plaintiff the sum of $2,800 together with interest and costs. The corporation failed to answer the complaint and a default judgment was ultimately taken against it. Vreeland, however, moved to dismiss the complaint on the ground that it failed to state a cause of action against him. This motion was not disposed of prior to September 15, 1948, when by the advent of the new court system the case was transferred to the Chancery Division of the Superior Court.

On October 21, 1948, the trial judge on his own motion entered an order transferring the cause to the Law Division of the Superior Court on the ground that the action was one cognizable in law but not in equity. The cause was accordingly transferred to the Law Division, was pretried there on January 3, 1950, and set down for trial. At the commencement of the trial, after examining the pleadings and the pretrial order and other records in the case, the trial judge stated that he was of the opinion that the action was one in equity and should be tried in the Chancery Division and he instructed the plaintiff to move before the Chancery Division to set aside the transfer of the case to the Law Division. In accordance with the court's instructions, the plaintiff made the motion, which was opposed by the defendant, but it was denied on the ground that the case, having been once transferred from the Chancery Division to the Law Division, could not under the provisions of *Rule* 3:40–3 be retransferred. The case was accordingly again set down for trial in the Law Division and again came on for trial on June 19, 1950.

After the jury had been selected and the plaintiff had completed his opening, the defendant moved for a dismissal on the ground that the action, if cognizable at law, was an action to collect for the debt, default or miscarriage of another and in the absence of a writing was barred by the Statute of Frauds. There followed extended argument on the motion

and colloquy between counsel and the court, during which counsel for the plaintiff expressed a willingness to proceed to trial either with or without a jury and counsel for the defendant Vreeland conceded that the plaintiff might have a cause of action in equity, but refused to proceed to trial without a jury and pressed his motion for dismissal. Following this extended argument and colloquy the trial court, although recognizing that the plaintiff had an action in equity, granted the defendant's motion for dismissal solely on the ground that the plaintiff had failed to state a cause of action cognizable at law. From this judgment the plaintiff took this appeal.

In determining the propriety of the judgment appealed from it is necessary to consider the nature of the Superior Court and the relationship between its Law and Chancery Divisions. By the Constitution of 1947 the judicial power in this State is vested in the Supreme Court, the Superior Court, the County Courts and such inferior courts of limited jurisdiction as the Legislature has seen fit to establish, *Art. VI, Sec. I.* Of these, the Superior Court has original general jurisdiction throughout the State in all causes, *Art. VI, Sec. III, par. 2,* and each of its judges exercises all the powers of the court subject only to the rules of the Supreme Court, *Art. VI, Sec. III, par. 1.* The Superior Court is divided into an Appellate Division, a Law Division and a Chancery Division, but the composition of each division and the causes it may hear are to be determined by the rules of the Supreme Court, *Art. VI, Sec. III, par. 3.* Subject to such rules, the Law Division and the Chancery Division each exercise the powers and functions of the other division when the ends of justice so require, and each division is required to grant both legal and equitable relief in any cause so as to completely determine all matters in controversy, *Art. VI, Sec. III, par. 4.* In *State v. Jones,* 4 *N. J.* 374, 382-383 (*Sup. Ct.* 1950), we stated:

"One of the great virtues of our new Constitution is that it minimizes opportunities for jurisdictional disputes. The Superior Court is but a single court * * *. We conceive it to be quite impossible for a litigant to go on to trial in one Division of the Superior Court

and then assert, after judgment, a right to be heard, except on appeal, in another. To hold otherwise would be to revive one of the worst' defects of the old order and to do violence to both the letter and the spirit of the new Constitution."

We reiterate here, the Superior Court is but a single court. The jurisdiction of the Law and Chancery Divisions is the same, although their jurisdiction is not identical with that of the Appellate Division, see *Bergen County Sewer Authority v. Borough of Little Ferry, 5 N. J.* 548 *(Sup. Ct.* 1950). Since by the Constitution appeals may be taken to the Appellate Division from the Law and Chancery Divisions, from the County Courts and in such other causes as provided by law, *Art. VI, Sec. V, par.* 2, it necessarily follows that the Appellate Division does not have general trial jurisdiction and the Law and Chancery Divisions do not have appellate jurisdiction.

■■ The jurisdiction of the Law and Chancery Divisions being the same and the Constitution providing that the causes each may hear shall be as provided by rules of the Supreme Court, it is necessary to refer to the Rules in order to. determine in which division a particular action should be brought. *Rule* 3 :40–2 provides as follows:

"All actions which were on September 14, 1948, maintainable in the Court of Chancery or before the Chancellor, or in the Prerogative Court or before the Ordinary, shall be brought in the Chancery Division, and all other actions in the Superior Court shall be brought in the Law Division; but this rule shall not apply to any appeal or matter which is cognizable in the Appellate Division. All causes on *habeas corpus*, other than those having to do with the custody of children, shall be brought in the Law Division. If the primary right of the plaintiff is equitable or the principal relief sought is equitable, the action is to be brought in the Chancery Division even though legal relief is demanded in addition or as an alternate to equitable relief."

Needless to say this rule does not go to the jurisdiction of the respective divisions of the Superior Court, for the jurisdiction of the Superior Court is fixed by the Constitution and can be altered neither by rule of this court nor by act of the Legislature. The rule is carefully designed to provide a simple

mechanism for determining the proper division in which a case should be tried without, however, permitting it to become the subject of delaying tactics. It is intended to effectuate the constitutional mandate that we have a unified court system without sacrificing the obvious advantages to be gained by having cases normally tried before judges who are specialized in law or equity.

 If, in accordance with this rule, an action is properly brought in the Law Division, under the Constitution that division shall proceed to give both legal and equitable relief as the case requires so that the controversy between the parties may be completely determined, and similarly, if an action is properly brought in the Chancery Division, that division shall proceed to grant both equitable and legal relief. *Art. VI, Sec. III, par.* 4. This is so irrespective of the fact that before or during the trial the equitable phases of the cause have been fully disposed of leaving only purely legal issues remaining for determination, *Steiner v. Stein*, 2 *N. J.* 367, 378 *(Sup. Ct.* 1949), and *vice versa.*

 In the event, however, that an action is improperly brought in the Law or Chancery Division, then the cause may be transferred to the appropriate division, in accordance with *Rule* 3:40–3, which provides:

"Motion to transfer an action from one of the trial divisions to the other trial division shall be made within 10 days after the pleadings are closed, and unless so made, an objection to the trial of the action in the division appearing on the complaint is waived; but the court on its own motion may make such a transfer at or before the pretrial conference. The transfer of actions is a matter lying within the discretion of the court, and an order for the transfer shall not be reviewable except for an abuse of discretion. Cases once transferred shall not be retransferred."

The reason for and the operation of this rule was set forth in the case of *Steiner v. Stein, supra,* 2 *N. J.* 367, 377–378 *(Sup. Ct.* 1949):

"Some confusion seems to have arisen concerning *Rule* 3:40–3 dealing with the transfer of actions, but it disappears if that rule be read in connection with *Rule* 3:40–4 relating to the trial calendar. The

labeling of a case for trial in the Law Division or the Chancery Division is entrusted to the attorney for the plaintiff, just as under our practice, though not in every jurisdiction, he is entrusted with the issuing of the summons. If he makes a mistake, that mistake may be rectified by an appropriate motion within ten days after the pleadings are closed, or by the court on its own motion at or before the pretrial conference. It is at these points of time that the attorneys and the trial court respectively are most informed as to the nature of the issues in the case. The transfer by the court is discretionary and not reviewable except for an abuse of discretion. Thus, the transfer of a cause of action plainly legal from the Law Division to the Chancery Division or *vice versa* would be an abuse of discretion. Finally, the rule provides that cases once transferred shall not be retransferred. The two rules taken together outline a simple procedure for the assignment of cases to the trial divisions and provide for the judicial correction of any errors of counsel and safeguard all parties from an improper attempt to select a division or a judge, at the same time protecting the litigants from the mistake of a judge without developing a flood of litigation over a simple problem of which division and which judge is to try a case."

It is apparent, therefore, that the Law Division can adjudicate equitable issues and grant equitable relief not only in actions which, though primarily legal, involve equitable issues, but also in certain actions which are primarily or wholly equitable. This is so, for example, if the action is improperly labeled in the Law Division by the plaintiff, but the defendant does not move to transfer within 10 days after the pleadings are closed and the court on its own motion does not transfer the cause at or before the pretrial conference, or if a motion to transfer is made but denied by the court. This is also so in cases such as the one before us, where the action was transferred to the Law Division from the Chancery Division on the mistaken belief that the issues were principally legal. In similar circumstances the Chancery Division may adjudicate legal issues and grant legal relief.

██ This concurrent jurisdiction of the Law and Chancery Divisions and this procedure for determining the forum does not deny to any party the right to a trial by jury as guaranteed to him by *Article I, par.* 9 of the Constitution; nor does it expose a party unnecessarily to the hazards of a jury trial. Whether the action be brought in the Law Divi-

sion or the Chancery Division, all issues of fact triable as of right by a jury shall be decided by a jury, unless the right to jury trial be waived, expressly or impliedly, *Rules* 3 :38–1 and 3 :49–1. In addition, any issues not triable as of right by a jury may be tried by an advisory jury, or, with the consent of the parties, by a jury whose verdict will be the same as if the trial by jury had been a matter of right, *Rule* 3 :39–1. All issues of fact not triable of right by a jury, except as provided by *Rule* 3 :39–1, are to be determined by the court without a jury and when certain issues are to be decided by the court and others by a jury, the court may determine the sequence in which such issues shall be tried, *Rule* 3 :39–2. It is significant that no reference is made in *Rules* 3 :38 and 3 :39 to the Law or Chancery Divisions, for the simple reason that these rules with respect to jury trials apply equally to both divisions. It is within the contemplation of the Constitution and the rules that a jury trial may be had in the Chancery Division of the Superior Court and we so indicated in *Steiner v. Stein, supra,* 2 *N. J.* 367, 378 (*Sup. Ct.* 1949) :

"The other fundamental issue in the case is whether the defendant Stein is entitled to a trial by jury as of right before the judge of the Superior Court in the Chancery Division before whom this proceeding was commenced and before whom, in our view, all the issues of the controversy should be tried."

Applying the principles here discussed to the facts of the instant case, it is at once apparent that the court below erred in dismissing the case after the plaintiff's opening to the jury on the ground that there was no action cognizable at law. Even though the plaintiff's cause of action and the relief demanded is primarily equitable (a view which was shared not only by both of the judges in the Law Division before whom the case came on for trial, but also by both the plaintiff and the defendant) the court should have proceeded with the trial and disposed of the case on its merits. We are not impressed, moreover, with the defendant's contention that the orders transferring the cause from the Chancery Division and denying a retransfer are final judgments from which the

plaintiff did not appeal and, therefore, *res judicata* on the issue of whether or not a cause of action in equity exists. An order under *Rule* 3:40-3 transferring a cause from one division of the Superior Court to another is interlocutory in nature. Its sole purpose is to determine before which of the two divisions the cause shall be tried and it does not and was not intended to have any effect upon the merits of the plaintiff's case.

Once the plaintiff's case had been transferred from the Chancery Division to the Law Division, it was incumbent upon the Law Division to try the case. For that division to have even once permitted the plaintiff's case to come on for trial without adjudicating it on the merits is directly contrary to the intent of both the Constitution and the rules of court. No action is to be dismissed merely because it has been brought in or transferred to the wrong division. Whenever a case comes on for trial in either of the trial divisions of the Superior Court it shall be disposed of on its merits as the nature of the case may require. The shuttling of cases from law to equity and back again without affording a party a hearing on the merits of his case constituted one of the principal evils of our former judicial system which the Constitution of 1947 and *Rule* 3:40-3 were designed to obviate (see *Comment on the Tentative Draft of Rule* 3:40-3). It was never intended and it is not to be countenanced that the elimination of this shuttling from one court to another would be accomplished by depriving a plaintiff of his day in court. Accordingly, it is clear that the plaintiff here was entitled to have his case heard when it came on for trial in the Law Division.

Whether the plaintiff was entitled to have his case heard before a jury is another question. As has previously been pointed out, only those issues of fact triable as of right by a jury are to be submitted to a jury for determination, *Rule* 3:39-2, unless the court submits them to an advisory jury, or the parties consent to having them heard by a jury as if triable as of right by a jury, *Rule* 3:39-1. The issues in the instant case, being equitable in nature, are not triable as of

right by a jury. In addition, in the argument on the defendant's motion for judgment the plaintiff expressed a willingness to proceed with or without a jury and the defendant contended that the action was equitable only and not triable as of right by a jury. Further proceedings in the case, therefore, shall be without a jury.

The judgment appealed from is reversed and the case is remanded for a new trial, without a jury, in the Law Division.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For affirmance*—None.