FRANCES COLOMBO HADJ BELGACEM, PLAINTIFF-APPEL-LANT, v. ALFONSO VENEZIANO, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 5, 1986—Decided December 10, 1986.

Before Judges O'BRIEN and SKILLMAN.

*Eileen P. Mulroy* argued the cause for appellant (*Richard S. Semel,* Project Administrator, Bergen County Legal Services, attorney; *Eileen P. Mulroy,* on the brief).

*James F. Avigliano* argued the cause for respondent.

PER CURIAM.

We have consolidated these two appeals for purpose of disposition since they involve the same controversy. In Docket # A–5308–84T1, we reverse and remand. We dismiss Docket # A–1253–85T1.

Frances Colombo Hadj Belgacem (Belgacem) is the mother of Laura Colombo, born January 29, 1971. By judgment dated

January 7, 1972, defendant Alfonso Veneziano (Veneziano) was adjudged to be the father of the child and ordered to pay $15 per week child support by the Passaic County Court. Two prior applications to the Juvenile & Domestic Relations Court in Bergen County were dismissed. An application by plaintiff seeking additional support was dismissed on October 29, 1982. The other, brought by the Bergen County Welfare Board seeking repayment of assistance, was dismissed on April 13, 1983.

On July 9, 1984, plaintiff filed a complaint with the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, bearing Docket # FM–00423–85. In this complaint, she sought additional child support and an order compelling defendant to provide medical, dental, hospital and prescription drug expenses for the child.[1] Defendant filed an answer on August 15, 1984. Scheduled trial dates were repeatedly adjourned, partially because of defendant's efforts to learn whether the child could be included in the medical and hospital plan provided by his employer. Finally, plaintiff filed a motion for *pendente lite* relief, to which defendant filed a responding certification accompanied by a proposed order providing that the matter be scheduled peremptorily for hearing and denying the requested *pendente lite* relief.

On June 12, 1985, on its own motion, the trial judge dismissed the complaint as having been filed pursuant to *R.* 5:7 instead of *R.* 5:6. Plaintiff's appeal, filed on July 26, 1985, was assigned Docket # A–5308–84T1. Pursuant to *R.* 2:5–1(b), the trial judge filed an amplification of his reasons for the dismissal of plaintiff's action. He said:

> In brief, as set out in my letter of June 12, 1985, the complaint herein was improperly filed. The mechanics involved in transferring the matter to the proper docket and creating a new docket number presented administrative difficulties which seemed much greater than what would be involved in a simple dismissal of the prior proceeding and the filing of a new complaint. Since there was no statute of limitations problem, since the Bergen County Legal Services

---

[1] The child had been diagnosed as having juvenile diabetes melitis and allergic rhinitis.

would not be required to pay a filing fee, and since service in a summary support proceeding is simple and uncomplicated (and is in fact attended to by the Court Office) it did not seem to me that the procedure chosen by me presented any difficulty or hardship to the plaintiff. As noted, in fact it seemed—and it still seems—the simplest means of attending to what was in any event no more than an administrative problem. Had there been some substantive difficulty of which I was not aware, I would have been more than happy to consider any such problem, and a request for reconsideration based thereon, had any such matter been presented to me.

In addition to her appeal from this order, plaintiff filed a new complaint on June 25, 1985 pursuant to *R.* 5:6, which was assigned Docket # FD–02–3035–86A.[2] On motion of defendant, this complaint was dismissed without prejudice by order of October 7, 1985. Plaintiff's cross-motion for a stay pending appeal on Docket # A–5308–84T1 was denied. An earlier order vacating a previous dismissal and restoring the matter to the trial calendar was vacated. Once more plaintiff filed an appeal, which was assigned Docket # A–1253–85T1.

This case exemplifies the reason for *R.* 1:13–4, directing that matters be transferred to the proper court where a determination is made that the court is without jurisdiction. Chief Justice Vanderbilt expressed the concept in 1951, in *O'Neill v. Vreeland,* 6 *N.J.* 158, 169 (1951):

No action is to be dismissed merely because it has been brought in or transferred to the wrong division. Whenever a case comes on for trial in either of the trial divisions of the Superior Court it shall be disposed of on its merits as the nature of the case may require. The shuttling of cases from law to equity and back again without affording a party a hearing on the merits of his case constituted one of the principal evils of our former judicial system which the Constitution of 1947 and *R.* 3:40–3 were designed to obviate.... It was never intended and it is not to be countenanced that the elimination of this

---

[2]The complaint is captioned in the Juvenile & Domestic Relations Court, County of Bergen. That court was abolished by *L.* 1983, *c.* 405, § 1, effective December 30, 1983. *See N.J.S.A.* 2A:4–3a. All actions formerly cognizable in the Juvenile & Domestic Relations Court shall be deemed to be Superior Court actions, however, there shall be no filing fee imposed in these actions. *See N.J.S.A.* 2A:4–3e. The jurisdiction, functions, powers and duties of Juvenile & Domestic Relations Courts and the causes pending therein, and their files shall be transferred to the Superior Court. *See N.J.S.A.* 2A:4–3c.

shuttling from one court to another would be accomplished by depriving a plaintiff of his day in court.

*R.* 5:6–1 *et seq.* governs summary actions for support and requires the court to hear and determine the matter in a summary manner on the return day fixed in the process. "It is ... significant to note that there is no longer any jurisdictional limitation on the power of the court to act in any family action since the court in every case is the Superior Court rather than the now abolished court of limited jurisdiction." *Pressler, Current N.J. Court Rules,* Comment *R.* 5:6 (1956).

 Jurisdiction of the family court is provided in *R.* 4:3–1(a)(2) as follows:

Chancery Division—Family Part. All civil actions in which the principal claim is unique to and arises out of a family or family-type relationship shall be brought in the Chancery Division, Family Part. Civil family actions cognizable in the Family Part shall include all actions and proceedings provided for in [of] [*sic*] Part V of these rules; all civil actions and proceedings formerly cognizable in the juvenile & domestic relations court; and all other actions·and proceedings unique to and arising out of· a family or family-type relationship.

It is obvious that the Family Part of the Superior Court had jurisdiction to hear and decide plaintiff's complaint. There had already been a delay of one year without a hearing at the time the complaint was dismissed. From the comments of the trial judge, we can only conclude that actions brought under *R.* 5:6 are assigned different docket numbers than actions brought under *R.* 5:7–1. The continued use of complaints bearing the caption of the abolished Juvenile & Domestic Relations Court may account for this circumstance. In any event, notwithstanding the "administrative difficulties" referred to by the trial judge, plaintiff's complaint, if not disposed of summarily by the judge, should have been forthwith transferred to the appropriate unit of the Family Part for prompt disposition. The very purpose of *R.* 5:6 is the summary disposition of complaints for support.

The order of June 12, 1985 is reversed and the matter remanded for summary disposition before that unit of the Superior Court, Chancery Division, Family Part, in Bergen

County assigned to such matters. In order that there be no further administrative difficulties with this case, it is remanded to the assignment judge to assure its direction to the proper place for prompt disposition.

In view of our determination of appeal # A–5308–84T1, it becomes unnecessary for us to address the order dismissing plaintiff's second complaint, and the appeal bearing Docket # A–1253–85T1 has become moot. We observe, however, that in dismissing the second complaint the trial judge failed to state his reasons. We further observe that remand of plaintiff's original complaint for disposition permits the trial judge to make any order for increased child support retroactive to the date when that complaint was filed, *i.e.*, July 9, 1984.

In Docket # A–5308–84T1, the matter is reversed and remanded to the assignment judge of Bergen County for disposition pursuant to this opinion. Appeal bearing Docket # A–1253–85T1 is dismissed.