**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3028-18T2

WELLS FARGO BANK, NA,

     Plaintiff-Appellant,

v.

ARLINE FRIEDMAN, MILTON
D. FRIEDMAN, and MRS.
MILTON D. FRIEDMAN, his wife,

     Defendants-Respondents.

_____

> Submitted January 13, 2020 – Decided January 29, 2020
>
> Before Judges Fasciale and Mitterhoff.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. F-020503-16.
>
> Reed Smith, LLP, attorneys for appellant (Henry F. Reichner, of counsel and on the briefs).
>
> Nish & Nish, LLC, attorneys for respondent Milton D. Friedman (Robert J. Nish, on the brief).

PER CURIAM

In this mortgage foreclosure case, plaintiff appeals a June 22, 2018 order, which denied its motion to dismiss counts three, four, and five of Milton D. Friedman's (defendant) counterclaim, and which transferred counts three through eight of its amended complaint to the Law Division. It also appeals a January 30, 2019 judgment in defendant's favor, dismissing counts one and two of the amended complaint seeking foreclosure; and discharging an open-ended mortgage dated June 27, 2006 on the basis that defendant's signature was forged.

Defendant and co-defendant Arline Friedman, his wife (now estranged), bought the Property in 1970. In 2001, Arline borrowed money, executed a mortgage, and secured the loan with the Property. In May 2006, Arline refinanced the loan by obtaining a loan and mortgage from Wachovia. Defendant disputes that he signed the May 2006 mortgage. In June 2006, Wachovia extended a line of credit and encumbered the Property with a new mortgage (the June 2006 Mortgage), which defendant also disputes signing. Plaintiff contends that Arline used the line of credit to pay down the May 2006 loan, pay the Property's taxes, and pay defendant's living expenses. In June 2015, Arline defaulted on the June 2006 Mortgage, which is the subject of this foreclosure action.

Plaintiff filed its foreclosure complaint on July 26, 2016. In September 2017, plaintiff filed its amended complaint and asserted claims for: (1) foreclosure of the subject property (count one); (2) possession of the subject property (count two); (3) an equitable lien based on the loan (count three); (4) an equitable lien based on property charges paid by plaintiff (count four); (5) an action on the subject note (count five); (6) an action on the related note against Arline (count six); (7) equitable subrogation based on the related loan (count seven); and (8) unjust enrichment (count eight). Defendant answered the amended complaint, and filed a counterclaim seeking to: (1) discharge the subject mortgage as void (count one); (2) discharge another mortgage on the subject property (count two); (3) recover damages for common law fraud (count three); (4) recover damages under the New Jersey Consumer Fraud Act (count four); and (5) recover damages for common law fraud (count five).

Plaintiff filed a motion to dismiss counts three through five of defendant's counterclaims and strike his jury request. Defendant filed a cross-motion to transfer the matter to the Law Division. The judge conducted a hearing and entered the orders under review.

Plaintiff raises the following points for this court's consideration:

A-3028-18T2

POINT I

THE CHANCERY DIVISION ERRED AS A MATTER OF LAW IN CREDITING THE UNSUPPORTED TESTIMONY OF [DEFENDANT AND ARLINE].

A. A Notary's Acknowledgement Is Prima Facie Evidence Of The Due Execution Of An Instrument.

B. To Overcome The Strong Presumption Of Due Execution, The Proof Of Forgery Must Be So Clear, Satisfactory, And Convincing As To Enable One To Come To A Clear Conviction, Without Hesitancy, Of The Precise Facts.

C. Unsupported Testimony Of Interested Witnesses Is Insufficient As A Matter Of Law To Overcome The Strong Presumption Of Due Execution Arising From Notarization.

POINT II

THE [JUDGE] ERRED IN TRANSFERRING [PLAINTIFF'S] EQUITABLE LIEN AND UNJUST ENRICHMENT CLAIMS TO THE LAW DIVISION IN THAT THE [JUDGE] FAILED TO RECOGNIZE THE CLAIMS AROSE OUT OF THE MORTGAGE TRANSACTION AND WERE THUS GERMANE.

A. The Entire Controversy Doctrine Requires A Liberal Rather Than A Narrow Approach To The Question Of What Issues Are Germane; Germane Claims Are Claims Arising Out Of The Mortgage Transaction.

B. The Equitable Lien And Unjust Enrichment Claims Arose Out Of The Mortgage Transaction And Are Thus Germane.

4

Plaintiff raises the following argument in its reply brief, which we have renumbered:

POINT III

THE RULES REQUIRE THAT ACTIONS IN WHICH THE PRINCIPAL RELIEF SOUGHT IS EQUITABLE IN NATURE "SHALL BE FILED AND HEARD IN THE CHANCERY DIVISION."

After the judge conducted a hearing and took testimony from defendant and Arline, he made findings of fact and conclusions of law. This court reviews a trial judge's factual findings for an abuse of discretion. Cumberland Farms, Inc. v. N.J. Dep't of Envtl. Prot., 447 N.J. Super. 423, 437 (App. Div. 2016). "The general rule is that findings by the trial [judge] are binding on appeal when supported by adequate, substantial, credible evidence. Deference is especially appropriate when the evidence is largely testimonial and involves questions of creditability." Ibid. (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011)). This court "should not disturb the factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. at 437-38 (alteration in original) (quoting Seidman, 205 N.J. at 169). However, this court reviews issues of law de novo. Id. at 438 (citing State

v. Parker, 212 N.J. 269, 278 (2012)).  The review of mixed questions of law and fact is de novo.  In re Malone, 381 N.J. Super. 344, 349 (App. Div. 2005).

The judge determined that defendant's signature on the June 2006 mortgage was forged.  We reject plaintiff's first contention that the judge erred as a matter of law when he credited defendant and Arline's testimonies.  Plaintiff argues there was insufficient evidence for the judge to find the signature was forged.  Specifically, plaintiff contends their testimonies were "insufficient as a matter of law to overcome the strong presumption of due execution arising from notarization," given that this was defendant's only evidence of forgery and such testimony was from "interested witnesses."

A notary's acknowledgement is prima facie evidence of the due execution of an instrument.  See Dencer v. Erb, 142 N.J. Eq. 422, 426 (Ch. 1948).  N.J.S.A. 2A:82-17 provides:

> If any instrument heretofore made and executed . . . shall have been acknowledged, by any party who shall have executed it . . . and, when a certificate of such acknowledgement or proof shall be written upon or under, or be annexed to such instrument and signed by such officer in the manner prescribed by law, such certificate of acknowledgement or proof shall be and constitute prima facie evidence of the due execution of such instrument by such party.

Forgery is an avenue to overcome the strong presumption of due execution. See Dencer, 142 N.J. Eq. at 426. However, like fraud, forgery must be established by clear and convincing evidence. Ibid.; see also Stochastic Decisions, Inc. v. DiDomenico, 236 N.J. Super. 388, 395 (App. Div. 1989). Clear and convincing evidence is evidence that is "so clear, direct and weighty and convincing as to enable [the judge] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." In re Boardwalk Regency Casino License Application, 180 N.J. Super. 324, 339 (App. Div. 1981) (citation omitted). The judge's factual determination that defendant established forgery is entitled to deference when supported by "adequate, substantial, credible evidence." Cumberland Farms, 447 N.J. at 437 (internal quotation marks and citation omitted); see also In re Adoption of Child of Indian Heritage, 111 N.J. 155, 185 (1988) (reviewing a judge's determination on fraud claim for an abuse of discretion).

The judge found defendant and Arline credible. Arline, who at the time was in the middle of divorce proceedings with defendant, testified that the signatures on the June 2006 mortgage and line of credit documents were not defendant's. Defendant also testified that he did not sign the documents. Plaintiff's representative testified that she was not present when the documents

7

were signed. The judge had the opportunity to view the signatures on the documents and made credibility findings. We see no abuse of his discretion.

Plaintiff next contends the judge erred in transferring three of plaintiff's amended complaint claims.[1] Plaintiff is challenging the transfer of its equitable lien claim based on the loan, its equitable lien based on property charges paid by plaintiff, and the unjust enrichment claim. Plaintiff argues that these claims arose out of the mortgage transaction, establishing that they were "germane," which would bar transfer to the Law Division.

Plaintiff argues the equitable lien and unjust enrichment claims arose out of the June 2006 Mortgage transaction. Plaintiff points to the judge's statements acknowledging that its claims were an alternative cause of action in this foreclosure action. Likewise, plaintiff argues the entire controversy doctrine requires the entire matter be tried in the Chancery Division.

The entire controversy doctrine is codified in Rule 4:30A, which specifically has an exception to foreclosure actions: "[N]on-joinder of claims

---

[1] Plaintiff does not challenge the transfer of counts five and six of its amended complaint. This is likely because Arline did not own the Property when the bank issued the May 2006 mortgage and the June 2006 line of credit. Defendant testified that Arline transferred the Property to him in 1988. Arline no longer owned the Property—and therefore could not encumber it without defendant's consent.

8

required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine, except as otherwise provided by R[ule] 4:64-5 (foreclosure actions)[.]" "[T]he entire controversy doctrine does not apply to non-germane claims since they may not be joined in the foreclosure action." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:64-5 (2020).

Rule 4:64-5 provides:

> Unless the court otherwise orders on notice and for good cause shown, claims for foreclosure of mortgages shall not be joined with non-germane claims against the mortgagor or other persons liable on the debt. Only germane counterclaims and cross-claims may be pleaded in foreclosure actions without leave of court. Non-germane claims shall include, but not be limited to, claims on the instrument of obligation evidencing the mortgage debt, assumption agreements and guarantees.

To determine if a claim is germane, "a liberal rather than a narrow approach" should be used. Leisure Tech.-Ne, Inc. v. Klingbeil Holding Co., 137 N.J. Super. 353, 358 (App. Div. 1975). This court reviews a judge's decision relating to germane claims de novo, as it is a legal question. See Joan Ryno, Inc. v. First Nat'l Bank, 208 N.J. Super. 562, 570 (App. Div. 1986) (applying a de novo standard of review); Assocs. Home Equity Servs., Inc. v. Troup, 343 N.J. Super.

254, 273 (App. Div. 2001); Family First Fed. Sav. Bank v. DeVincentis, 284 N.J. Super. 503, 508-09 (App. Div. 1995).

This court addressed whether a claim is germane in Sun NLF Limited Partnership v. Sasso, 313 N.J. Super. 546 (App. Div. 1998), in which the defendant developer borrowed money from a savings and loan association to finance a development project in a series of transactions. In the foreclosure proceeding, the trial judge granted the plaintiff's motion for summary judgment and dismissed the defendant's fraud and breach of contract counterclaims as non-germane. Id. at 549-51. On appeal, this court reversed the grant of summary judgment, stating that "[h]ad the foreclosure action been brought by the bank itself, the claims and defenses arising out of the breach of the . . . contract would have been properly before the court." Id. at 50 (citing Leisure Tech.-Ne, 137 N.J. Super. at 358 (stating that germane claims are those that arise out of the mortgage transaction)).

As to plaintiff's equitable lien claims, such liens may be created:

> [W]hen unjust enrichment or an express agreement to grant a lien against a specific property is shown. Additionally, an equitable lien can be imposed, if based on the dictates of equity and conscience . . . a contract of reimbursement could be implied at law.
>
> [EnviroFinance Grp., LLC v. Envtl. Barrier Co., 440 N.J. Super. 325, 350 (App. Div. 2015) (second

> alteration in original) (internal quotation marks and
> citation omitted).]

Generally, the theory of equitable liens requires an ultimate foundation in contracts, either express or implied.  See ibid.  The grant of an equitable lien entitles its holder to a security interest on the property if the property is sold. See Resolution Tr. Corp. v. Griffin, 290 N.J. Super. 88, 93-94 (Ch. Div. 1994); Bergen Cty. Welfare Bd. v. Gross, 96 N.J. Super. 472, 477 (Ch. Div. 1967) (showing there is priority for equitable lien holders under a recording statute).

As to plaintiff's unjust enrichment claim, "[t]he doctrine of unjust enrichment . . . rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another."  Inv'rs Bank v. Torres, 457 N.J. Super. 53, 62 (App. Div. 2018) (second alteration in original) (citation omitted).  "A cause of action for unjust enrichment requires proof that '[a] [party] received a benefit and that retention of that benefit without payment would be unjust.'"  Ibid.  (first alteration in original) (citation omitted); see also VRG Corp., v. GKN Realty Corp., 135 N.J. 539, 548 (1994).  Again, the doctrine allows a judge to fashion a remedy that is fair and just under the circumstances.

Here, the judge stated that plaintiff's equitable lien and unjust enrichment claims were non-germane, thus severing those claims and transferring them to the Law Division.  The judge stated:  "All of these claims seek . . . not to

11

establish the bank's interest in the [P]roperty, [but] rather . . . to establish sums due and owing under various theories."

Generally, "[f]or an equitable lien to arise there must be a debt owing from one person to another, specific property to which the debt attaches, and an intent, expressed or implied, that the property will serve as security for the payment of the debt." Highland Lakes Country Club & Cmty. Ass'n v. Franzino, 186 N.J. 99, 111-12 (2006) (alteration in original) (citation omitted). The right to foreclosure is the main inquiry in a foreclosure action. See Old Republic Ins. Co. v. Currie, 284 N.J. Super. 571, 574 (Ch. Div. 1995). The main elements of the forclosure action are execution, recording, and default of the mortgage. See Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994).

The judge correctly noted that these claims were non-germane as they do not arise out of the right to foreclose—the claims do not go to the execution, recording, nor default. Also, plaintiff's equitable lien claims cannot be a basis to foreclose on the Property. Rather, such an equitable lien would give plaintiff—at best—a security interest in the Property. As such, the judge properly determined that these equitable lien claims were non-germane to the foreclosure action.

12

Furthermore, a claim for unjust enrichment allows the court to fashion an equitable remedy. In its complaint, plaintiff states it is seeking "the amount . . . of [defendant and Arline's] unjust enrichment." In its merits brief, plaintiff further states it is seeking an equitable lien rather than money. However, an equitable lien would not be a basis to foreclose on the Property; rather it would result in a money judgment. Because the equitable lien and unjust enrichment claims do not give plaintiff a right to foreclose, the judge properly severed them from the foreclosure action pursuant to Rule 4:64-5.

Finally, plaintiff argues that court rules require its equitable claims be heard in the Chancery Division. It cites to Rule 4:3-1 to support this argument, which states: "Actions in which the plaintiff's primary right or the principal relief sought is equitable in nature . . . shall be filed and heard in the Chancery Division[.]" Equitable lien and unjust enrichment claims are equitable in nature. See Goldsmith v. Camden Cty. Surrogate's Office, 408 N.J. Super. 376, 382 (App. Div. 2009). Although equitable claims should remain in the Chancery Division, Rule 4:64-5 specifically allows non-germane claims in a foreclosure action to be dismissed or severed.

The judge had discretion to transfer claims from the Chancery Division to the Law Division. O'Neill v. Vreeland, 6 N.J. 158, 166-68 (1951); Steiner v.

<u>Stein</u>, 2 N.J. 367, 377-78 (1949).  This court will review such a transfer for an abuse of discretion.  <u>See</u> <u>O'Neill</u>, 6 N.J. at 166-68.  "[T]he Law Division can adjudicate equitable issues and grant equitable relief not only in actions which, though primarily legal, involve equitable issues, but also in certain actions which are primarily or wholly equitable."  <u>Id.</u> at 167; <u>see</u> <u>Boardwalk Props., Inc. v. BPHC Acquisition, Inc.</u>, 253 N.J. Super. 515, 526 (App. Div. 1991).

Plaintiff's equitable lien and unjust enrichment claims are non-germane because they do not arise out of the mortgage—they do not give plaintiff the right to foreclose on the June 2006 mortgage documents and line of credit. Because these claims are non-germane, the judge properly severed them from the foreclosure action pursuant to <u>Rule</u> 4:64-5.  Although such claims are equitable in nature, the Law Division has the authority to hear plaintiff's claims.  <u>See</u> <u>BPHC Acquisition</u>, 253 N.J. Super. at 526.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14

A-3028-18T2