**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3579-23

GREGORY BECK,

    Plaintiff-Appellant,

v.

CATHY BECK,

    Defendant-Respondent.

_____

Submitted May 15, 2025 – Decided June 16, 2025

Before Judges Mawla and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. DC-004370-24.

Damiano M. Fracasso, attorney for appellant.

Weinberger Divorce & Family Law Group, LLC, attorneys for respondent (Bari Z. Weinberger, on the brief).

PER CURIAM

    Plaintiff Gregory Beck appeals from a July 5, 2024 Special Civil Part order that dismissed his complaint on jurisdictional grounds and awarded

defendant Cathy Beck $5,358.50 in counsel fees and costs.[1]  Based upon our review of the record and the governing legal principles, we reverse and remand for further proceedings.

Plaintiff and defendant are the divorced parents of three children. Defendant filed for divorce, and on August 21, 2018, a Family Part judge later entered a dual final judgment of divorce that incorporated a Marital Settlement Agreement (MSA) as a part of the divorce judgment and directed the parties to comply with its terms.  Of relevance to the issues before us, the MSA provided: "In the event the parties are unable to resolve a dispute on any issue in this Agreement, the parties agree to attend mediation with Phyllis Klein, Esq. of Donahue, Hagan, Klein & Weinberg, L.L.C., to try and resolve the issue prior to court intervention."

On May 13, 2024, plaintiff filed a pro se complaint in the Special Civil Part.  He sought the excess funds from the parties' children's college savings accounts, which he contended were created with marital assets and "should be split [fifty/fifty] between . . . [p]laintiff and [d]efendant."  Plaintiff explained "[a]t the time of the MSA negotiations, it was anticipated that all of the money

---

[1]  Plaintiff also appeals from a July 16, 2024 order in which the court amended the July 5 order to correct a clerical error.

placed into 529's and Capital One savings accounts would be depleted after paying for the kids' undergraduate college, so the MSA does not contain any language regarding the disbursement of any remaining funds."

In response to plaintiff's complaint, defendant wrote to the court and contended the matter was improperly filed in the Special Civil Part because it involved "a Family Part issue." Defendant also argued the matter was not yet ripe as plaintiff "failed to attend mediation . . . prior to seeking court intervention, which is a mandated provision in the parties['] . . . MSA." Accordingly, defendant requested that the court administratively dismiss plaintiff's complaint in order "to alleviate unnecessary costs, expenses, and process."

That same day, the court denied defendant's request noting it did "not have the authority under the Court Rules to grant the relief requested." It further explained "[t]he parties may wish to review the . . . Court Rules, in particular R[ule] 5:1-2[,] to determine where [the] action should be brought."

Defendant then filed a notice of motion in which she sought the dismissal of plaintiff's complaint and an award of counsel fees and costs. Defendant "request[ed] that [plaintiff's] filing be dismissed as being premature, non-compliant with the MSA mediation provision agreed in [the] . . . MSA, and

3

submitted to the wrong forum." With respect to her request for fees and costs, defendant attested she sought "counsel fees for having to respond to [plaintiff's] improper filing," and submitted a certification of services.

Plaintiff opposed defendant's motion by filing a "[r]esponse to [her] [c]ounterclaim." He stated he "did not believe [his] initial filing was a Family [Part] issue or non-compliant with the mediation provision" of the parties' MSA. He further "apologize[d]" for his misinterpretation of the MSA and stated he would follow its mediation requirement. As to defendant's request for fees and costs, plaintiff argued "[s]ince . . . [d]efendant failed to respond or notify . . . [p]laintiff of a breach or violation of the MSA, the counsel fees and further relief requested by . . . [d]efendant are unnecessary and should not be borne by . . . [p]laintiff as stated in the MSA."

On July 5, 2024, the court entered an order dismissing plaintiff's complaint and awarding defendant $5,358.50 in counsel fees and costs. In a two-paragraph handwritten statement of reasons, the court explained:

> The [Special Civil Part] does not have jurisdiction over the subject matter of plaintiff['s] complaint[,] see R. 5:1-2(a), which addresses family actions generally. As this matter involves enforcement and/or interpretation of a [MSA], it is not properly before the Special Civil Part.

A-3579-23

Opposition from plaintiff was considered. The court awards defendant [the] counsel fees requested. The hourly rate charged is reasonable for the area. Defendant[']s counsel wrote to [the] court in early June 2024, placing plaintiff on notice of issues with [the Special Civil Part] filing. The amount of time incurred to file the motion and related work (9.11 hours) was reasonable. Plaintiff[']s motion was filed in [an] improper venue ([Special Civil Part] instead of [F]amily [P]art). Defendant prevailed on the motion.

Plaintiff filed a notice of appeal on July 17, 2024, and on July 18, he filed a motion for a stay of the court's orders pending appeal. On October 15, 2024, the court granted plaintiff's application, issued a conforming order, and explained its reasoning for granting the stay in an oral decision.

On appeal, plaintiff argues: (1) the court erred in finding that his complaint was improperly filed in the Special Civil Part because defendant never filed a motion to transfer, and a general assignment order issued by the Chief Justice "cross-assigned" all Law Division judges to the Family Part; (2) the court violated his due process rights by "having his property taken from him (and a judgment automatically entered against him) without due process of law by a [c]ourt which, according to its own holding, lacked the subject matter jurisdiction to grant that relief"; (3) because the court concluded it lacked subject matter jurisdiction over the dispute, it did not have the "authority to grant . . . [d]efendant any relief other than a procedural order of dismissal"; (4)

the court violated <u>Rule</u> 4:42-9 and the American Rule by awarding defendant attorney's fees and costs; and (5) the court's award of attorney's fees and costs "was excessive and unreasonable."

Although not specifically designated as such, we interpret defendant's application to dismiss plaintiff's complaint as a motion to dismiss for lack of subject matter jurisdiction under <u>Rule</u> 4:6-2(a) and apply a de novo standard of review. <u>Santiago v. N.Y. & N.J. Port. Auth.</u>, 429 N.J. Super. 150, 156 (App. Div. 2012). Under the <u>Rule</u>, we owe no deference to the court's conclusions. <u>Rezem Fam. Assocs., LP v. Borough of Millstone</u>, 423 N.J. Super. 103, 114 (App. Div. 2011).

We review the award of attorney's fees under an abuse of discretion standard. <u>Litton Indus., Inc. v. IMO Indus., Inc.</u>, 200 N.J. 372, 386 (2009) (citing <u>Packard-Bamberger & Co., Inc. v. Collier</u>, 167 N.J. 427, 444 (2001)). An abuse of discretion occurs where the trial court's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." <u>Ripp v. Cnty. of Hudson</u>, 472 N.J. Super. 600, 610-11 (App. Div. 2022) (quoting <u>Flagg v. Essex Cnty. Prosecutor</u>, 171 N.J. 561, 571 (2002)). Attorney's fees determinations will be disturbed "only on the rarest

of occasions, and then only because of a clear abuse of discretion." Litton Indus., 200 N.J. at 386 (quoting Packard-Bamberger, 167 N.J. at 444).

As a preliminary matter, the court correctly found that the Family Part, not the Special Civil Part, was the appropriate forum to adjudicate plaintiff's complaint. The Family Part's jurisdiction is provided for in Rule 4:3-1(a)(3) as follows:

> All actions in which the principal claim is unique to and arises out of a family or family-type relationship, including palimony actions, shall be filed and heard in the Chancery Division, Family Part. Actions cognizable in the Family Part shall include all actions and proceedings referenced in Part V of these rules, unless otherwise provided in subparagraph (a)(4) of this [Rule]; all actions and proceedings formerly cognizable in the juvenile and domestic relations court; and all other actions and proceedings unique to and arising out of a family or family-type relationship.
>
> [See also R. 5:1-2(a) (explaining "[a]ll actions in which the principal claim is unique to and arises out of a family or family-type relationship, . . . shall be filed and heard in the Chancery Division, Family Part").]

Because plaintiff's complaint related to the interpretation of the parties' MSA and arose "out of a family or family-type relationship," the Family Part obviously had jurisdiction over the complaint.

We are convinced, however, the court erred in dismissing plaintiff's complaint rather than transferring it to the Family Part. Under Rule 1:13-4, an

7

incorrectly filed complaint should be transferred to the appropriate court for disposition. See R. 1:13-4(a) ("[I]f any court is without jurisdiction of the subject matter of an action . . . , it shall, on motion or on its own initiative, order the action, with the record and all papers on file, transferred to the proper court . . . ."); see also Belgacem v. Veneziano, 218 N.J. Super. 6, 9 (App. Div. 1986). Indeed, as our Supreme Court held in O'Neill v. Vreeland, 6 N.J. 158, 169 (1951), "[n]o action is to be dismissed merely because it has been brought in . . . the wrong division." Based on these legal principles, and concepts of judicial efficiency, the better practice was for the court, on its own initiative, to order the transfer of plaintiff's complaint from the Special Civil Part to the Family Part. Accordingly, we vacate the July 5 and July 16, 2024 orders dismissing plaintiff's complaint and direct the court, on remand, to transfer the matter to the Family Part and the parties to engage in mediation as contemplated by the MSA.

We reach a similar result with respect to the $5,358.50 fee award. It is well settled where a judge provides legal authority for an award of attorney's fees, the amount to be awarded typically "rests within the discretion of the trial judge, . . . but the reasons for the exercising of that discretion should be clearly stated." Khoudary v. Salem Cnty. Bd. of Soc. Servs., 281 N.J. Super. 571, 578 (App. Div. 1995) (citations omitted). Attorney's fees, however, are not awarded

unless specifically authorized by statute, court rule, or contractual provision. See Innes v. Marzano-Lesnevich, 224 N.J. 584, 592-93 (2016); R. 4:42-9(a).

Here, the court did not identify any legal authority underpinning its decision to award defendant counsel fees. Nor did the court clearly state its reasons for the award. Khoudary, 281 N.J. Super. at 578. Thus, we are constrained to reverse and vacate the fee award memorialized in the July 5 and July 16, 2024 orders because the court failed to articulate the statute, court rule, or provision of the MSA authorizing such an award. Although we would ordinarily remand for the court to provide more detailed factual findings and legal conclusions under Rule 1:7-4, in light of our determination directing the Special Civil Part to transfer the matter to the Family Part, the most appropriate course is for plaintiff to renew any fee application before that court in the first instance and identify the legal authority supporting such relief.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hawley*

Clerk of the Appellate Division